■ In the Matter of the Claim of PAUL HOFFMAN, Respondent, v. PLAZA HOTEL et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the employer and its carrier from a decision and award of the Workmen's Compensation Board on the grounds that there is no substantial evidence to support the board's findings of accident and causal relationship. On March 1, 1963 claimant, a room service waiter, allegedly sustained an accidental injury when the rear wheel of a heavy garbage disposal cart rolled over the big toe on his right foot. Claimant asserted that at the time he felt only a slight sting but that on looking at his toe later at home he discovered a cracked nail from which blood was exuding. He also noticed that his big toe was discolored "reddish-brown". Claimant, a Christian Scientist, did not seek medical attention at this time and continued working at his job. Subsequently on March 11, 1963 while at home claimant dropped a beer bottle on the same toe. On this occasion he claims to have experienced an "electrifying" pain. Thereafter the toe became swollen and painful and the tip of the toe became dusky and finally turned black. On March 21, 1963 claimant first sought medical assistance. His condition was diagnosed as diabetic gangrene of the right big toe and he was immediately hospitalized. Because of an underlying diabetic condition, it became necessary to remove first his toe and then the right leg just below the knee to prevent further spreading of the gangrene. Appellants first assert that there is no substantial evidence that the alleged incident with the disposal cart occurred as claimant asserts. They point to discrepancies in claimant's account of what transpired and his failure to report the incident immediately, but these factors raise only issues of credibility which are for the board's determination (e.g., *Matter of Manolakis* v. *Edison S. S. Corp.*, 15 A D 2d 845). The fact that claimant's pre-existing diabetic condition aggravated the effect of the occurrence is, of course, not dispositive (*Matter of Walters* v. *U. S. Vitamin Corp.*, 11 A D 2d 280). Secondly, appellants deny causal relationship. They attribute the gangrenous condition to the bottle incident. However, there is also medical evidence causally relating the condition to the disposal cart incident. Appellants attack such testimony as "inconclusive", but we find it meets the test of *Matter of Ernest* v. *Boggs Lake Estates* (12 N Y 2d 414). Thus the resolution of this factual dispute was also for the board, and we find no basis to disturb its determination (*Matter of Palermo* v. *Gallucci & Sons*, 5 N Y 2d 529). Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, J. P., Taylor, Aulisi and Hamm, JJ., concur.